IN THE COURT OF CRIMINAL APPEALS


OF TEXAS





NO. WR-72,265-03






KEVIN ERIC ROSS, Relator


v.


DALLAS COUNTY DISTRICT CLERK, Respondent






ON APPLICATION FOR A WRIT OF MANDAMUS

CAUSE NO. F-1060411-N IN THE 195TH DISTRICT COURT

FROM DALLAS COUNTY





 Per curiam.


O R D E R




 Relator has filed a motion for leave to file an application for a writ of mandamus pursuant
to the original jurisdiction of this Court. In it, he contends that he filed an application for a writ of
habeas corpus in the 195th District Court of Dallas County, that more than 35 days have elapsed, and
that the application has not yet been forwarded to this Court. He also contends that he filed a second
habeas application in this cause and that Respondent, the District Clerk of Dallas County, has not
assigned that application a file number or forwarded it to the State. Tex. Code Crim. Proc. art.
11.07, § 3(b).

 On September 26, 2012, we held this application in abeyance and ordered Respondent to 
respond. Regarding Relator's first application, we said that Respondent shall submit the record on
such application, submit a copy of a timely filed order that designates issues (ODI) to be
investigated, or state that Relator has not filed an application for a writ of habeas corpus in Dallas
County. "Should the response include an order designating issues," we wrote in our abeyance order,
"proof of the date the district attorney's office was served with the habeas application shall also be
submitted with the response."

 On October 3, we received a response. Respondent said that Relator's second habeas
application was assigned a new cause number and sent to the State on September 27. Respondent
also included a copy of an ODI entered on June 28, 2012, in response to Relator's first application. 
Respondent, however, submitted no proof of the date the district attorney's office was served with
Relator's first application. So, on October 24, we held this application in abeyance again and
ordered Respondent to submit the appropriate response within 15 days.


 On October 29, we received a second response. It is now clear from the record that the State 

was served with Relator's first application on June 12, 2012, and that the trial court entered an ODI 

on June 28, 2012. Because this ODI was timely and there is no indication from the record that the 

trial court has made findings of fact and conclusions of law, Respondent did not have a ministerial 

duty under Article 11.07 to forward Relator's first application. Tex. Code Crim. Proc. art. 11.07, 

§ 3(b)(c). Respondent has prematurely forwarded Relator's first application. Motion for leave to 

file is denied.


Filed: November 14, 2012

Do not publish